UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM R. LOPEZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DR. BROWN, et al.,<br><br>　　　　Defendants. | 1:17-cv-00343-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL BE DENIED, AND THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (ECF No. 21.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.　BACKGROUND**

Adam R. Lopez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On March 9, 2017, Plaintiff filed the Complaint commencing this action. 28 U.S.C. § 1915A. (ECF No. 1.) On April 3, 2018, the court dismissed the Complaint for failure to state a claim, with leave to amend. (ECF No. 12.) On June 21, 2018, Plaintiff filed the First Amended Complaint. (ECF No. 15.) On October 15, 2018, the court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (ECF No. 16.) On February 8, 2019, Plaintiff filed the Second Amended Complaint, which is now before the court for screening. (ECF No. 21.)

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at Centinela State Prison in Imperial, California. The events at issue in the Second Amended Complaint allegedly occurred at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and

///

///

Rehabilitation (CDCR). Plaintiff names as defendants Dr. Brown, Dr. Jackson, Smith (Orthopedic), Dr. Mets, Ross (Physician's Assistant), Dr. A. Enenmoh, Dr. E. Chipendo, and K. Allison (SATF Warden) (collectively, "Defendants").

Plaintiff alleges as follows. Plaintiff suffered a serious medical injury that required medical attention. On September 5, 2011, Plaintiff suffered a complete tear of his anterior talofibular ligament and a partial tear of his calcaneofibular ligament. This injury required two surgeries, one corrective. Due to the procedures during Plaintiff's surgery, Plaintiff contracted osteomyelitis[1] at the site of injury. Plaintiff could not walk for approximately three years. This lengthy time period is due to delay/denial of medical care by all of the Defendants.

Throughout the period of Plaintiff's injury, 2011 to 2013, Plaintiff's medical referrals, exams, results, appointments, orders, etc. were lost, miscategorized, etc. Plaintiff's crutches were taken away because medical staff forgot to renew Plaintiff's chrono for crutches leaving Plaintiff to crawl to navigate. Medical staff refused to have Plaintiff transported for x-rays because it was the weekend and it would be too much trouble to acquire transportation officers. Medical appeals/grievances were not responded to per mandated time limits.

Defendant K. Allison denied/delayed Plaintiff's medical care and effective pain medication. Defendant Allison refused to take any action to ensure Plaintiff received medical care.

Defendant Dr. E. Chipendo denied/delayed Plaintiff's medical care and effective pain medication. Defendant Chipendo refused to take any action to ensure Plaintiff received medical care.

Defendant A. Enenmoh denied/delayed Plaintiff's medical care and effective pain medication. Defendant Enenmoh refused to take any action to ensure Plaintiff received medical care.

Defendant Dr. Jackson denied/delayed Plaintiff's medical care and effective pain

---

[1] An infectious usually painful inflammatory disease of bone often of bacterial origin that may result in the death of bone tissue. https://www.merriam-webster.com/dictionary/osteomyelitis (last visited 8/5/2019).

medication. Defendant Jackson refused to take any action to ensure Plaintiff received medical care.

Defendant Dr. Metts denied/delayed Plaintiff's medical care and effective pain medication. Defendant Metts refused to take any action to ensure Plaintiff received medical care.

Defendant Dr. Brown denied/delayed Plaintiff's medical care and effective pain medication. Defendant Dr. Brown refused to take any action to ensure Plaintiff received medical care.

Defendant Physician's Assistant Ross denied/delayed Plaintiff's medical care and effective pain medication. Defendant Ross refused to take any action to ensure Plaintiff received medical care.

Defendant D. Smith denied/delayed Plaintiff's medical care and effective pain medication. Defendant Smith refused to take any action to ensure Plaintiff received medical care.

Plaintiff requests appointment of counsel, monetary damages, and injunctive relief.

## IV. REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff requests the appointment of counsel to assist him in litigating this case. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. By this order, the court shall enter findings and recommendations, recommending that this case be dismissed based on Plaintiff's failure to state a claim in the Second Amended Complaint. Thus, the court has determined that Plaintiff is unlikely to succeed on the merits. Plaintiff's medical claims are not complex, and a review of the record shows that Plaintiff is responsive, adequately communicates, and is able to articulate his claims. Therefore, Plaintiff's request for appointment of counsel should be denied.

## V. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Preschooler v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's

affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Appeals Process

Plaintiff alleges that his medical appeals/grievances were not responded to per mandated time limits. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495. Thus, Plaintiff's allegations that Defendants failed to properly process Plaintiff's appeals fails to state a cognizable claim.

### B. Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337,

1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

**Discussion**

In the court's prior (second) screening order issued on October 15, 2018, Plaintiff was advised as follows.

> In the First Amended Complaint, Plaintiff makes vague allegations against each named defendant without any supporting *facts* demonstrating that each defendant personally acted against him. It is not sufficient to allege that Plaintiff "put all Defendants on notice regarding his need for medical treatment," or that a named defendant "denied or delayed Plaintiff's medical care" and "refused to provide Plaintiff with pain medication and/or effective pain medication." Plaintiff must state *facts* in support of these allegations. Plaintiff must explain *what happened*, describing *what he saw*, heard, or otherwise personally experienced, and *what each defendant did or said*. Plaintiff must explain *what happened* to cause each defendant to know about Plaintiff's serious medical needs, and what each defendant *did or said* that delayed or denied Plaintiff's medical care. Plaintiff must also explain *how he was harmed* by the inadequate medical care. It may be helpful for Plaintiff to state the facts in chronological order, explaining the *personal conduct* of each defendant and the dates that each defendant acted against him. Plaintiff also must name the persons who lost or cancelled his medical exams and records, explaining the circumstances.
>
> . . . .
>
> The Second Amended Complaint must allege *facts* showing how each named defendant acted and how the action led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297

F.3d at 934. Plaintiff must demonstrate that each of the defendants *personally*

participated in the deprivation of his rights by their actions. Iqbal 556 U.S. at

676-77 (emphasis added).

(ECF No. 16 at 5:24-28 - 6:1-9; 6:20-24.)

Plaintiff was also forewarned that if he failed to file a Second Amended Complaint in compliance with the screening order, the court would recommend that this case be dismissed for failure to state a claim. (ECF No. 16 at 7 ¶ 5.)

Now, in the Second Amended Complaint, Plaintiff again makes vague and conclusory allegations against each named Defendant. Plaintiff's allegations against each of the individual Defendants is identical. It is insufficient to simply state that ***each*** of the Defendants "denied/delayed Plaintiff's medical care and effective pain medication [and] refused to take any action to ensure Plaintiff received medical care." (ECF No. 21 at 6:3-24.) It is also insufficient to allege that ***all*** of the Defendants lost or miscategorized Plaintiff's medical referrals, exams, results, appointments, orders, etc.; forgot to renew Plaintiff's chrono for crutches; and refused to have Plaintiff transported for x-rays on the weekend. (ECF No. 21 at 8 ¶ IV.) Plaintiff fails to allege sufficient facts demonstrating that any of the Defendants personally acted against him to violate his rights to adequate medical care. Plaintiff has not shown that any of the Defendants knew Plaintiff was at substantial risk of serious harm to his health and yet deliberately acted unreasonably in face of the risk. Therefore, Plaintiff fails to state a cognizable medical claim against any of the Defendants. The court shall recommend that this case be dismissed for failure to state a claim, without leave to amend.

## V. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claim against any of the Defendants in the Second Amended Complaint. Therefore, the court shall recommend that this case be dismissed for failure to state a claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Here, the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court, and Plaintiff has now filed

three complaints without stating any claims upon which relief may be granted under § 1983. The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's request for appointment of counsel be DENIED;
2. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and
3. The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 5, 2019**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE