UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM R. LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. BROWN, et al.,<br><br>    Defendants. | No. 1:17-cv-00343-DAD-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND DISMISSING THIS CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. Nos. 21, 22) |

Plaintiff Adam R. Lopez is a state prisoner proceeding pro se and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 5, 2019, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's request for appointment of counsel be denied and this case be dismissed due to plaintiff's failure to state a claim upon which relief may be granted under §1983. (Doc. No. 22.) On August 20, 2019, plaintiff filed objections to those findings and recommendations. (Doc. No. 23.)

/////

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Plaintiff's objections are largely a recitation of the facts alleged in his second amended complaint. (Doc. No. 23.) Plaintiff does add an assertion that the reason defendants Brown and Jackson denied him medical care was the cost involved in providing such care. (*Id.* at 2.) However, even were this additional conclusory allegation advanced in a third amended complaint, it would not change the fact that plaintiff has failed to allege any specific facts showing that defendants *acted with deliberate indifference to his serious medical needs*. Additionally, plaintiff now takes issue with the medical staff as a whole at the institution of his confinement for allegedly being inadequate over the three-year period at issue in this action. (*Id.* at 3.) This objection is without merit, however, since plaintiff has not brought, nor could he bring, a claim against the medical staff as a whole at his institution of confinement.

Lastly, plaintiff objects on the grounds that despite his best efforts, he has unable to litigate the complex issues he seeks to raise without the appointment of counsel. (*Id.*) Plaintiff does not have a constitutional right to appointment of counsel in this § 1983 action. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) ("There is no constitutional right to appointed counsel in a § 1983 action."), *withdrawn on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998). "However, in 'exceptional circumstances,' a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(d)." *Id.* The court determines whether such exceptional circumstances exist by evaluating the likelihood of success on the merits and the petitioner's ability to articulate his claims in light of the complexity of the legal issues involved. *Id.* As the assigned magistrate judge noted in the pending findings and recommendations, the claims presented by plaintiff in this action are not particularly complex, "and a review of the record shows that Plaintiff is responsive, adequately communicates, and is able to articulate his claims." (Doc. No. 22 at 5.) The undersigned agrees. Moreover, because the court dismisses plaintiff's claims by way of this order, consideration of his likelihood of success on the merits of his claims also weighs against the appointment of counsel.

Accordingly:

1. The findings and recommendations issued by the assigned magistrate judge on August 5, 2019 (Doc. No. 22) are adopted in full;
2. Plaintiff's request for appointment of counsel is denied;
3. This action is dismissed, with prejudice, due to plaintiff's failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 13, 2020**

UNITED STATES DISTRICT JUDGE